# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Records and information associated with the cellular telephone assigned call number 414-397-3385 that is stored at premises controlled by AT&T Mobility, a wireless telephone service provider headquartered at 11760 US Hwy 1, Suite 600, North Palm Beach, FL 33408 | Case No. 26-819M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    1/26/2026    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Honorable Nancy Joseph    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    1/12/2026 @ 2:31 p.m.      *Nancy Joseph*
                                                        *Judge's signature*

City and state:    Milwaukee, WI      Honorable Nancy Joseph, U.S. Magistrate Judge
                                                            *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                                             _____
*Executing officer's signature*

                                                             _____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **(414) 397-3385** ("the Account"), that are stored at premises controlled by **AT&T Mobility** ("the Provider"), headquartered at **11760 US Hwy 1, Suite 600, North Palm Beach, FL 33408**.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.     Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for time period beginning December 20, 2025 and ending December 22, 2025:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

      ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of **Title 18 U.S.C. 1951** and **Title 18 U.S.C. 922(g)** which have been committed during the period **December 20, 2025 to December 22, 2025**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT
for the

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
                                                                                                   Case No. 26-819M(NJ)
Records and information associated with the cellular telephone assigned )
call number 414-397-3385 that is stored at premises controlled by AT&T )
Mobility, a wireless telephone service provider headquartered at 11760 )
US Hwy 1, Suite 600, North Palm Beach, FL 33408 )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please See Attachment A

located in the     Eastern     District of     Wisconsin     , there is now concealed *(identify the person or describe the property to be seized)*:

Please See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. 1951 | Hobbs Act Robbery |
| Title 18 U.S.C. 922(g) | Possession of a Firearm by a Felon |

The application is based on these facts:
Please See Affidavit.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Detective Tony Castro
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
             telephone             *(specify reliable electronic means)*.

Date: 1/12/2026

*Judge's signature*

City and state: Milwaukee, Wisconsin       U.S. Magistrate Judge Nancy Joseph
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, **Tony Castro**, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number **(414) 397-3385**, ("the SUBJECT PHONE"), that is stored at premises controlled by **AT&T Mobility**, a wireless telephone service provider headquartered at **11760 US Hwy 1, Suite 600, North Palm Beach, FL 33408**. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require **AT&T Mobility** to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am currently employed as a Detective for the Milwaukee Police Department. Affiant has been employed as a law enforcement officer for over 16 years. Affiant is currently assigned as a federally deputized Task Force Officer (TFO) on the Federal Bureau of Investigation (FBI) Milwaukee Area Violent Crimes Task Force and regularly investigates violent crimes including bank robberies, pharmacy robberies and carjackings. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The affiant bases this affidavit on his own knowledge, on information and belief, and on information contained

in written reports and/or conveyed to him by members of the City of Milwaukee Police Department, which he believes to be accurate and reliable.

4. While being tasked with investigating violent crimes your affiant's investigations have been aided by subpoenas, warrants and court orders related to electronic communication records and subsequent analysis of those records; that in most of those cases, the records provided critical investigative leads and corroborative evidence;

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of **Title 18 U.S.C. 1951** and **Title 18 U.S.C. 922(g)** have been committed by **Javon Golden and Adonis Patrick**. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

### PROBABLE CAUSE

6. That affiant's application for a search warrant is based on the following: On Saturday, December 20th, 2025, a robbery was reported to have occurred at the address of 33XX North 22nd Street, in the City and County of Milwaukee, State of Wisconsin, at approximately 10:30PM. Members of the Milwaukee Police Department responded to this location and identified the victim of this offense as M.T. (XX/XX/1980) (hereafter, AV-1).

7. Affiant is aware that on December 21, 2025, Detective Nora Burlo conducted an interview with AV-1, who stated that on December 20, 2025 he was working as a Lyft (rideshare driver) using his 2019 blue Nissan Sentra with Wisconsin license plate number AEXXXX. AV-1 stated that he picked up a fair using the Lyft mobile application at approximately 9:00PM- 9:30PM with the pick-up location being in the area of S. 22nd Street and W. Greenfield Avenue. This location would later be confirmed to be 22XX W. Orchard Street (Milwaukee, Wisconsin). AV-1

stated when he arrived at this location two black male individuals were waiting for him and got into his vehicle.

8. AV-1 stated that he drove both subjects to the location of 33XX N. 22nd Street and stopped his vehicle to let them get out. AV-1 stated that one of the suspects hand grabbed his jacket restraining him against his front driver seat. AV-1 stated that the other subject opened his front driver seat door and proceeded to point a semiautomatic handgun to the side of his face. AV-1 stated that he believed that the subject with the gun was going to shoot him. The armed subject ordered AV-1 out of the vehicle at gunpoint and ordered him to "give me your shit!" while physically going through his pockets. The suspects removed his wallet containing approximately $700.00 in US currency, his Wisconsin Drivers license, social security card, two bank cards, and his Apple brand iPhone cellular telephone. AV-1 stated both suspects got into his vehicle and was observed driving southbound in the alley. AV-1 stated that he did not give permission to be robbed by the two suspects, and that this was done without his consent. AV-1 provided the following physical descriptions of the suspects in this offense:

   a. SUSPECT #1: Black male, 20-25 years old, 5 feet, 10 inches in height, slim build, in all black clothing and armed with handgun
   b. SUSPECT#2: Black male, 20-25 years old, 5 feet, 10 inches in height, slim build, in all black clothing

9. Affiant knows that on December 21, 2025, Detective Nora Donegan submitted an exigent request from Lyft as it relates to the suspect Lyft account that requested the rideshare on the evening of the robbery. The following information was provided as it relates to the suspect account requesting the rideshare;

Passenger Username: Jaden G

      Passenger Phone Number: 414533XXXX

      Passenger Email Address: javongolden086@gmail.com

      Ride Pick up date/time: 10:16:38 PM (Dec. 20, 2025)

      Intended Destination: N 23rd St & W Hopkins St, Milwaukee, WI, United States

      Actual Drop off: 30XX N Teutonia Ave, Milwaukee, WI 53206, United States

      Ride Drop off date/time: 10:39:16 PM (Dec. 20, 2025)

10.     Affiant knows that on December 21, 2025 at 10:59AM, West Allis Police Officers responded to the area of S. 58th Street and W. National Avenue in West Allis, Wisconsin to check for a stolen vehicle later identified as being a 2019 blue Nissan Sentra with license plate number AEXXXX. This was later identified as being the vehicle taken in an armed robbery. A vehicle pursuit was initiated eventually resulting in a vehicle crash resulting in all three occupants fleeing from the vehicle in the approximate area of S. 80th Street and W. Morgan Avenue. The driver was identified as being Javon D. Golden-Gibson (b/m, XX/XX2008), the rear passenger was identified as Adonis Patrick (b/m, XX/XX/2006) and Israel K. Allen-Gordon (b/m, XX/XX/2008) all of whom were taken into police custody. A black colored Glock Model 22, with Solofish SL 1108 Tactical Light along with a 22 round extended magazine was located on the rear drive seat of the Nissan Sentra. This firearm was recovered as evidence.

11.     Affiant is aware that on December 22, 2025, Milwaukee Police Detectives David Doughty and Corey Harris conducted a mirandized interview of Javon D. Golden. Golden confessed that he was present and an active participant in the armed robbery on December 20, 2025. Golden identified his co-actor as being Adonis Patrick. Golden stated that it was Patrick who had the gun during the armed robbery.

4

12. Affiant is aware that on December 22, 2025, Milwaukee Police Detectives David Doughty and Corey Harris conducted a mirandized interview of Adonis Patrick. Patrick denied involvement in the armed robbery. Patrick gave consent for police to search his cellular telephone and identified his telephone number as being **414-397-3385**. Patrick also provided his Apple iCloud email account as being **AP.AP8@icloud.com**.

13. Affiant is further aware that Adonis Patrick is a felon an therefore a person prohibited from possessing a firearm under federal law, having been convicted of the felony offense of Fleeing/Eluding an Officer on December 21, 2023 in Milwaukee County Circuit Court Case 2023CF2173. That crime is punishable by more than a year in prison, and that conviction remains of record and unreversed.

14. Affiant believes that the telephone records of **414-397-3385** belonging to **Adonis Patrick (b/m, 08/02/2006)** contains evidence of the crime of Hobbs Act Robbery in violation of Title 18, United States Code 1951

15. I believe that AT&T Mobility, is a provider of electronic communication service, and is communications common carrier as defined in 18 U.S.C. § 2510(10);

16. Affiant checked the Internet database zetx.com to confirm the cellular telephone carrier company. Affiant has used this database in the past and found it to be reliable and correct. Affiant entered the area code **414** and phone number **397-3385** and found the number to be listed to AT&T Mobility. Affiant then checked the IVR Number Portability line and confirmed that the listed telephone number has not been ported.

17. In my training and experience, I have learned that **AT&T Mobility** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information

5

about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

18. Based on my training and experience, I know that **AT&T Mobility** can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as **AT&T Mobility** typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes. Affiant has submitted a preservation request for this data to **AT&T Mobility** on December 31, 2025.

19. Based on my training and experience, I know that wireless providers such as **AT&T Mobility** typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as **AT&T Mobility** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a

6

particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

21. I further request that the Court direct **AT&T Mobility** to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on **AT&T Mobility**, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **(414) 397-3385** ("the Account"), that are stored at premises controlled by **AT&T Mobility** ("the Provider"), headquartered at **11760 US Hwy 1, Suite 600, North Palm Beach, FL 33408**.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for time period beginning December 20, 2025 and ending December 22, 2025:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received

II. **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of **Title 18 U.S.C. 1951** and **Title 18 U.S.C. 922(g)** which have been committed during the period **December 20, 2025 to December 22, 2025**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

3